IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:24-cv-761

| | |
|---|---|
| **JAMES M. ZANONI,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**RICHMAN BRY,**<br><br>     **Defendant.** | **COMPLAINT** |

Plaintiff James M. Zanoni ("Plaintiff" or "Zanoni"), for his Complaint against Defendant Richman Bry ("Defendant" or "Bry"), alleges as follows:

## THE PARTIES

1. At all relevant times, Zanoni has been a resident and citizen of the State of North Carolina.

2. Upon information and belief, at all relevant times Bry has been a resident and citizen of the State of California.

## JURISDICTION AND VENUE.

3. The Court has subject matter jurisdiction under 28 U.S.C. § 1332, in that this action is between citizens of different States and the matter in controversy exceeds the sum or value of $75,000.00.

4. The Court has personal jurisdiction over Bry because, among other things, this action involves a lease agreement in which Bry leased property to Zanoni, identified as a North Carolina resident.

5. Venue is appropriate in North Carolina and in this District.

1

## FACTS COMMON TO ALL COUNTS

6. As of January 2013, Zanoni, primarily a North Carolina resident, owned a secondary residence in Malibu, California (the CA Residence). Zanoni, his spouse and their three minor children used the CA Residence.

7. On or about November 9, 2018, the Woolsey Fire reached Malibu, prompting its mandatory evacuation. The Woolsey Fire was not fully contained until November 22, 2018, having burned 96,949 acres. The Woolsey Fire damaged or destroyed over 400 homes in the Malibu area, among them the CA Residence.

8. The Woolsey Fire produced, among other things, extreme demand on the part of owners of damaged or destroyed residences for temporary housing in the Malibu area. With housing supply low prior to the Woolsey Fire, the effect was to create a market weighted even further toward sellers/lessors.

9. With his family in need of alternative housing pending reconstruction of the CA Residence, Zanoni located Bry and the property Bry owned at 3556 Serra Road in Malibu (the Bry Property). Bry, as Landlord, executed a lease to Zanoni of the Bry Property (the Lease). The Lease identifies the Bry Property as a residence for Zanoni, his spouse and their three children.

10. Upon information and belief, Bry purchased the Bry Property in 2015.

11. At all times prior to, at and subsequent to his entry into the Lease, Bry was aware that the Bry Property included improvements made without required permits or inspections and multiple conditions violating applicable codes and regulations (together "the Deficiencies"). Zanoni was not made aware by Bry of any of the Deficiencies, at any time, and could not in the exercise of reasonable care have identified any of the Deficiencies except through disclosure by Bry (which, again, Bry failed to make).

12. An example of the Deficiencies is the guest house present on the Bry Property at the time of the Lease. Upon information and belief, at the time of Bry's purchase in 2015 the Bry Property did not include a guest house. As of the date of the Lease, the Bry Property included a guest house built, upon information and belief, without required permitting or inspections. The guest house included electrical and natural gas service integrated with that of the principal structure on the Bry Property, both of which services presented material and dangerous conditions of which Bry was or in the exercise of reasonable care should have been aware but that Bry failed to disclose to Zanoni (at any time).

13. The rent Bry charged under the Lease clearly implied and was intended by Bry to imply a residence free of the Deficiencies. For example, while upon information and belief the property tax records and value for the Bry Property do not reflect the existence of its guest house (presumably because the taxing authority is unaware that the unpermitted improvement exists), Bry markets the Bry Property, for example on Zillow, with prominent reference to the guest house as a key feature. The Deficiencies rendered the fair lease value of the Bry Property, if the Bry Property was lawfully subject to lease at all, substantially less than Bry charged and was paid under the Lease.

14. Some of the Deficiencies implicate life safety and health concerns, with an example being the electrical and gas service noted above, gas leaks termite infestation, severe overgrowth of vegetation including a dead tree on the property of which Bry was given written notice, and which subsequently fell causing a fire on the property during Zanoni's tenancy. At no time did Bry disclose to Zanoni any circumstance or condition affecting the Bry Property that implicated such concerns. Upon information and belief, Bry knew of but concealed Deficiencies implicating life safety and health concerns in order to be able to generate income from the Bry Property through

3

lease arrangements, knowing that disclosure would both defeat efforts to lease the Bry Property and, upon information and belief, threaten to produce governmental action requiring substantial expenditures by Bry to remedy the Deficiencies.

15. Consistent with the above allegations, when Zanoni and his family reported to Bry multiple issues with gas, electrical, roofing, septic, and plumbing service during their occupancy of the Bry Property, Bry would dispatch an unlicensed "handyman" to attempt repairs. When Zanoni and his family requested repairs through properly-licensed experts, Bry refused, forcing Zanoni to engage licensed professionals directly.

16. At the expiration of the term of the Lease on January 7, 2020, Zanoni declined to enter into any written extension of the Lease or any new written lease. Bry marketed the Bry Property for lease from December 2019 to October 2020, but, upon information and belief, was unable to locate a lessor willing to pay more than Zanoni. Zanoni and his family ultimately moved out of the Bry Property in September 2023, when reconstruction of the CA Residence was complete.

17. On January 31, 2024, Bry filed a civil action against Zanoni in Los Angeles, California state court (the Bry Lawsuit). The action, in the nature of a small claims action, sought $12,500.00. Bry failed to serve or attempt to serve Zanoni at Zanoni's principal residence in Charlotte, North Carolina (which was, again, specifically identified in the Lease as Zanoni's address), to provide a copy of the action to Zanoni by regular mail or email or to alert Zanoni by call or text of its filing, despite having email and mobile phone information for Zanoni and having communicated with Zanoni regularly by these means.

18. On April 10, 2024, Bry appeared before the California court and, upon information and belief, represented that he had served the Bry Lawsuit on Zanoni. With Zanoni unaware of

Bry Lawsuit and thus absent, Bry obtained judgment against Zanoni for $12,637.25, representing the amount sought plus costs.

19. The Bry Lawsuit reflects, upon information and belief, an effort by Bry to obtain rent not lawfully due. More particularly, upon information and belief, the Bry Lawsuit taken together with Bry's failure to serve or communicate its filing to Zanoni, and representations to the California court, were an effort abusively to employ the legal process in an effort to extract money from Zanoni and his family, knowing that Zanoni, as a North Carolina resident, was not aware and could not reasonably become aware of the Bry Lawsuit between its filing and hearing dates and thus could not answer or defend its allegations at the April 2024 hearing.

20. Bry received, for the term of the Lease and the subsequent tenancy of Zanoni and his family at the Bry Property, approximately $1,075,500.00 from Zanoni.

## COUNT ONE
### (*Breach of the Lease*)

21. Bry, through express and implied representations made to Zanoni prior to, in connection with and by implication in the Lease, conveyed to Zanoni that the Bry Property had been constructed and maintained in conformance with applicable building, permitting, inspection and life safety codes, regulations and requirements.

22. These representations were inaccurate and, upon information and belief, knowingly false, and represent breaches of the Lease.

23. Zanoni is entitled to damages in excess of $75,000.00 for breach by Bry of the Lease.

## COUNT TWO
### (*Breach of the terms of the tenancy*)

24. Bry, through express and implied representations made to Zanoni prior to, in connection with and by implication in respect of the Zanoni tenancy that followed the expiration of the Lease, conveyed to Zanoni that the Bry Property had been constructed and maintained in conformance with applicable building, permitting, inspection and life safety codes, regulations and requirements.

25. These representations were inaccurate and, upon information and belief, knowingly false, and represent breaches of the terms of the tenancy.

26. Zanoni is entitled to damages in excess of $75,000.00 for breach by Bry of the terms of the tenancy.

## COUNT THREE
### (Breach of N.C. Gen. Stat. § 75-1.1 *et seq.*)

27. N.C. Gen. Stat. § 75-1.1 *et seq.* (Ch. 75) applies based on the allegations above. The acts and omissions of Bry constitute unfair and deceptive acts and practices causing damage in North Carolina to a North Carolina resident.

28. Bry deliberately took advantage of the destruction of the CA Residence and the extreme demand for alternative housing to promote and commit to lease the Bry Residence by, on the one hand, concealing its history and condition and, on the other, affirmatively conveying both by the lease amount demanded and otherwise (*e.g.* promotion of its guest house) that the Bry Residence conformed to applicable codes and regulations. In addition, Bry deliberately used the California court to attempt to collect amounts Bry knew were not lawfully due, by means Bry knew were unfair and deceptive as to Zanoni.

29. Bry's acts and omissions were in or affecting commerce within the meaning of Ch. 75.

30. Bry's acts and omissions proximately caused injury to Zanoni.

31. Zanoni is entitled under Ch. 75 to actual and treble damages and to an award of costs, including legal fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff James M. Zanoni prays for judgment as follows:

1. Awarding him actual damages for breach of the Lease;

2. Awarding him actual damages for breach of the tenancy;

3. Awarding him actual damages under Ch. 75;

4. Awarding him treble damages;

5. Awarding him costs, including legal fees; and

6. Awarding him such other and further relief as the Court may deem just and proper.

This 21st day of August, 2024.

/s/ Edward F. Hennessey, IV
N.C. Bar No. 15899
THennessey@robinsonbradshaw.com
Attorneys for Plaintiff

**ROBINSON, BRADSHAW & HINSON, P.A.**
101 N. Tryon St., Ste. 1900
Charlotte, North Carolina 28246
Telephone:  704.377.2536
Facsimile:   704.378.4000