UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-761-MOC-DCK

| JAMES M. ZANONI, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| RICHMAN BRY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(2) or, alternatively, to Transfer Venue, pursuant to Fed. R. Civ. P. 12(b)(3), (Doc. No. 15).

I. **BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

Plaintiff James Zanoni is a resident and citizen of North Carolina. Defendant Richman Bry is a resident and citizen of California. The allegations in the First Amended Complaint are paraphrased here and are taken as true for the purposes of Defendant's motion to dismiss or transfer:

As of January 2013, Plaintiff, primarily a North Carolina resident, owned a second residence in Malibu, California ("the Malibu Residence"). Plaintiff, his spouse, and their three minor children used the Malibu Residence. In November of 2018, a fire destroyed the Malibu Residence. With his family needing alternative housing pending reconstruction of the Malibu Residence, Plaintiff located Defendant and the property Defendant owned at 3556 Serra Road in Malibu ("the Property"). Plaintiff was able to locate the Property while in North Carolina

1

because Defendant had, upon information and belief, publicized the Property at least nationally through one or more real estate websites. Upon information and belief, Defendant has at all relevant times marketed the Property on a national (perhaps international) basis, including to North Carolina residents, for rental purposes.

Plaintiff, in North Carolina, contacted Defendant to discuss a potential lease of the Property. All relevant discussions and negotiations between the two regarding the Property occurred between November 9, 2018, and January 4, 2019, with Defendant or his representatives communicating with Plaintiff in North Carolina. Defendant and his representatives were at all relevant times aware that Plaintiff and his family were North Carolina residents.

Plaintiff entered into a lease ("the Lease") to rent the Property from Defendant. At all times from when he publicized the Property, Defendant knew the Property included improvements made without required permits or inspections and multiple conditions violating applicable codes and regulations, which implicated life, safety, and health concerns (together "the Deficiencies"). Defendant did not notify Plaintiff of any of the Deficiencies at any time. An example of the Deficiencies is the guest house, which was built without required permitting or inspections. The guest house included electrical and natural gas service integrated with the principal structure on the Property, both of which services presented material and dangerous conditions that Defendant did not disclose to Plaintiff and which were not accounted for in the rent price. Defendant and his representatives knew that the Deficiencies would have been material to Plaintiff's decision to lease or reside in the Property, and Plaintiff would not have leased the property had he known about the Deficiencies. When Plaintiff and his family reported to Defendant multiple issues with gas, electrical, roofing, septic, and plumbing services during their occupancy of the Property, Defendant would dispatch an unlicensed "handyman" to attempt

repairs. When Plaintiff and his family requested repairs through properly licensed experts, Defendant refused, forcing Plaintiff to hire licensed professionals directly.

On January 31, 2024, Defendant filed a small claims civil action against Plaintiff in Los Angeles, California state court ("the Bry Lawsuit"), seeking $12,500. On April 10, 2024, Defendant appeared before the California court and, upon information and belief, represented inaccurately that he had served the Bry Lawsuit on Plaintiff. With Plaintiff unaware of the Bry Lawsuit, Defendant obtained a judgment against Plaintiff for $12,637.25, representing the amount sought, plus costs. Defendant has received approximately $1,075,500.00 from Plaintiff, none of which would have been received but for his misrepresentations.

Based on the above factual allegations, Plaintiff brings the following claims against Defendant: (1) Fraud (Count One); (2) Negligent Misrepresentation (Count Two); and (3) violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. GEN. STAT. § 75-1.1 et seq. (Count Three). Defendant has filed a motion to dismiss based on improper venue under FED. R. CIV. P. 12(b)(3) or, alternatively, to transfer venue under 28 U.S.C. § 1404(a) and/or 28 U.S.C. § 1406(a). Alternatively, Defendant seeks dismissal based on lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2). For the following reasons, the Court will transfer this action to the Central District of California.

II.     DISCUSSION

Before addressing personal jurisdiction, the Court first addresses the parties' arguments regarding venue. When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is proper. See Colonna's Shipyard, Inc. v. City of Key West, 735 F. Supp. 2d 414, 416 (E.D. Va. 2010) (citing Bartholomew v. Va. Chiropractors Ass'n, 612 F.2d 812, 816 (4th Cir. 1979), overruled on other grounds by Union Labor Life Ins. Co. v.

3

Pireno, 458 U.S. 119 (1982)). In the absence of an evidentiary hearing, to survive a Rule 12(b)(3) challenge, "the plaintiff need only make a prima facie showing of venue." Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). In determining whether such a showing has been made, the Court must "view the facts in the light most favorable to the plaintiff." Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 366 (4th Cir. 2012).

Under the general venue statute, a civil action may be brought in--

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. If venue is improper, the district court where the case was improperly filed shall dismiss, or if it is in the interest of justice, transfer the case to any district or division where it could have been properly brought. See 28 U.S.C. § 1406(a).

As noted, under 28 U.S.C. § 1391(b)(2), venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Although Plaintiff alleges that Defendant's fraudulent marketing occurred in North Carolina, and Plaintiff signed the Lease in North Carolina, Plaintiff first learned of the Property's alleged Deficiencies in California while renting the Property. Thus, no part, let alone a substantial part of the events or omissions giving rise to the claim, occurred in North Carolina. Rather, the events relating to the dispute occurred in Malibu, California. Consequently, venue is not proper in North Carolina, and Plaintiff cannot make out a prima facie case for venue in this district.

The Court further finds that, even if venue were found to be proper in this district, a

4

transfer of venue to the United States District Court for the Central District of California is warranted under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In re Carefirst of Maryland, Inc., 305 F.3d 253, 255 (4th Cir. 2002). In deciding the forum to which a case should be transferred, a district court first determines whether the potential transferee forum is one in which the action could have been brought originally. The court then considers the factors relevant to the specific case, including the convenience of the parties and witnesses and the interests of justice generally. See, e.g., Kettler Int'l, Inc. v. Starbucks Corp., 55 F. Supp. 3d 839, 845 (E.D. Va. 2014).

When considering whether to transfer venue under Section 1404(a), district courts should consider the following discretionary factors: (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws. Plant Genetic Sys. N.V. v. Ciba Seeds, 933 F. Supp. 519, 527 (M.D.N.C. 1996).

All of the above factors except for the first weigh heavily in favor of a transfer to the Central District of California. Here, no business activity related to the Lease took place in North

Carolina. Even the payments due under the Lease were made from a California bank account, with insurance proceeds arising from damage to Plaintiff's Malibu property. (Doc. No. 1 ¶¶ 6, 7, Bry Decl. ¶¶ 4, 5). Moreover, the Property is in California, the witnesses are in California, and Plaintiff's occupancy was in California. None of the witnesses (save for Plaintiff) live in or do business in North Carolina, and none of them can be compelled to appear and testify at a trial in North Carolina.

Next, the gravamen of Plaintiff's claims is that the Property was in poor condition and unfit for habitation, making a property view likely, which can only be accomplished in Malibu, California. Next, all of Defendant's assets and the Property are in California, so no enforcement of any judgment in favor of Plaintiff can be made in North Carolina. Next, the Central District of California is a sophisticated court and can try the instant action without favor to either party. Access to witnesses, the Property, evidence and a jury familiar with Malibu, California are either more available, or only available in Los Angeles, California. Moreover, it appears that the Central District readily handles its case load without undue delay.

Next, while Plaintiff asserts that he does not bring any claims under the Lease, the Lease expressly states that California law applies; the First Amended Complaint is based entirely on Plaintiff's occupancy of the Property in California; and California has an interest in having landlord/tenant issues relating to a California tenancy in a California property resolved by a California court. Plaintiff brings a claim for unfair and deceptive acts under N.C. Gen. Stat.§ 75-1.1. However, California has its own laws pertaining to unfair and deceptive business practices. Defendant argues that he never availed himself of any business or other activity in North Carolina, only did business in Malibu, California, and never subjected himself to the reach of North Carolina law. He argues that he should, therefore, not be subjected to the application of

North Carolina state law. While the Court does not make a determination at this point regarding choice of law, it appears that California law would most likely apply. In sum, save the one factor under Plaintiff's control (the initial choice of forum), the remaining factors weigh in favor of a venue transfer to the Central District of California.

Finally, and significantly, the Court is concerned about personal jurisdiction challenges if the Court were to retain this action in this district. If the Court were to dismiss the case against Defendant for lack of personal jurisdiction, Plaintiff would be forced to refile in a district that could assert personal jurisdiction over Defendant, leading to more costs and burdens to both parties. Certainly, assertion of personal jurisdiction will be more likely to be upheld in California, where Defendant resides.

In sum, the Court finds that, considering all of the above factors, transferring this action is appropriate under Section 1404(a). This matter will be transferred to the Central District of California.

## III. CONCLUSION

For the reasons stated herein, this matter is transferred to the Central District of California.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendant's Motion to Dismiss or Transfer Venue, (Doc. No. 15), is **GRANTED** to the extent that this matter is transferred to the Central District of California.

(2) Upon transfer of this action to the Central District of California, the Clerk shall terminate all pending motions before this Court.

7

Signed: December 31, 2024

Max O. Cogburn Jr
United States District Judge

8